KINSTON CITY BOARD OF EDUCATION v. BOARD OF COMMIS-
SIONERS OF LENOIR COUNTY

No. 758SC1060

(Filed 2 June 1976)

Schools § 5— capital outlay funds for board of education — jury sum-
moned from another county

The trial court did not err in ordering a special venire of jurors
from another county to hear pursuant to G.S. 115-88 a dispute be-
tween a city board of education and a board of county commissioners
as to the amount of capital outlay funds necessary for the board of
education during the fiscal year.

Judge ARNOLD dissenting.

APPEAL by defendant from *Small, Judge.* Judgment entered 13 August 1975 in Superior Court, LENOIR County. Heard in the Court of Appeals 16 April 1976.

A disagreement arose between plaintiff, the Kinston City Board of Education and defendant, the Board of Commissioners of Lenoir County, as to the amount of capital outlay funds neces-sary for plaintiff during the fiscal year 1975-1976. When de-fendant deleted $400,000 of the amount requested by plaintiff, the clerk of Superior Court was called upon to act as arbitrator under the provision of G.S. 115-87 [Repealed effective 1 July 1976.] Plaintiff appealed from the clerk to the Superior Court where defendant requested a jury trial as provided by G.S. 115-88 [which has also been repealed effective 1 July 1976.]

Plaintiff moved that the court, in its discretion, order a special venire of jurors to be summoned from some other county as by law provided. Plaintiff alleged that, because of the nature

of the controversy and its widespread publicity, it would be difficult to obtain a fair and impartial jury from Lenoir County. Defendant opposed the motion. Defendant contended that the publicity had not been prejudicial to either party and that it would not be difficult to select jurors from Lenoir County who would render a fair and impartial verdict upon the issue before the court.

Judge Albert Cowper concluded that it would be difficult to obtain an impartial trial by a Lenoir County jury and ordered jurors summoned from Wayne County.

The case was later tried on the issues set out in the dissenting opinion. The first issue was answered "yes" and the second "$400,000.00." Judgment was entered and defendant appealed.

*Jeffress, Hodges, Morris & Rochelle, P.A., by Thomas H. Morris and Barry Nakell, for plaintiff appellee.*

*Manning, Fulton & Skinner, by Howard E. Manning, Howard E. Manning, Jr., and Thomas B. Griffin, for defendant appellants.*

*North Carolina School Boards Association, by Frederic E. Toms, amicus curiae.*

*North Carolina Association of County Commissioners, by John T. Morrisey, Sr., and Charles Ronald Aycock, amicus curiae.*

VAUGHN, Judge.

The only assignment of error is that the court erred in permitting a jury from Wayne County to sit and render a verdict in the case. As appellant puts it:

"The question now before this Court on appeal is whether or not citizens and residents of another county than the county whose tax funds are at issue may render a decision which results in the tax levying authorities being ordered to allocate and appropriate tax funds to support the educational institutions in the county."

When the judge ordered that the jury be summoned from another county he was acting in accordance with the express authority granted by the statute:

" . . . any judge of the superior court, if he is of the opinion that it is necessary in order to provide a fair trial in any case . . . may order as many jurors as he deems necessary to be summoned from any county or counties in the same judicial district as the county of trial or in any adjoining judicial district." G.S. 9-12.

The thrust of defendant's argument appears to be that the jury trial authorized by G.S. 115-88 is a delegation of the power to tax to the people residing within the jurisdiction of the local taxing authority and that only those people can make up the jury. Defendant then argues that the surrender of the decision on whether to tax citizens of another county is an unconstitutional surrender of the power of the people of Lenoir County to determine their own taxation.

Defendant is attempting to raise in this Court a constitutional question that was not raised at trial. Generally, appellate courts do not consider a constitutional question unless it was raised and considered at trial. Moreover, a jury passes on issues of fact and not political issues. Defendant's argument to the effect that citizens of one county would make better "representatives" of that county, while sitting as jurors in a court of law, than impartial jurors from another county only emphasizes the soundness of the discretion exercised by the trial judge.

The judgment is affirmed.

Affirmed.

Judge BRITT concurs.

Judge ARNOLD dissenting.

Any disagreement between the Board of Education and the Board of Commissioners concerning the current expense fund, the capital outlay fund, the debt service fund, or any item of either fund, is to be resolved, if possible, according to the provisions of G.S. 115-87. If there is an appeal to the superior court the statute directs the judge to "find the facts as to the

amount of the current expense fund, the capital outlay fund, and the debt service fund." The judge's findings are conclusive under G.S. 115-87, and he is directed to require the "tax-levying authorities to levy the tax which will provide the amount of the current expense fund, the capital outlay fund, and the debt service fund, which he finds necessary to maintain the schools in the administrative unit." See *Bd. of Education v. Bd. of Commissioners,* 26 N.C. App. 114, 215 S.E. 2d 412 (1975).

Pertinent to this appeal is G.S. 115-88 which permits a jury trial, and provides the issue to be submitted when there is a jury trial. Issues submitted to the jury in the case at bar were as follows:

> "1. Are additional capital outlay funds needed by the Kinston City Board of Education to maintain the schools in the Kinston Graded School District for the fiscal year 1975-1976?
>
> 2. What amount of additional capital outlay funds, if any, is necessary to maintain the schools in the Kinston School Administrative District?"

These issues do not comply with the statutory requirement that the jury consider the issue "what amount is needed to maintain the schools, and they shall take into consideration the amount needed and the amount available from all ·sources as provided by law." It was mandatory that the jury determine not just the item of capital outlay, but the total amount needed to maintain the schools, i.e., as to the amount of current expense fund, capital outlay fund, and the debt service fund, and on this basis I dissent. The case should be remanded for a new trial upon submission of the proper issue to the jury.